FILED

2010 JUN 28  AM 10: 06

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY CLERK

1  Bruce W. Gunkle
2  Sherilyn S. Gunkle
   27035 Trinity Hts.
3  San Antonio, TX   78261
   830-980-5622
4  Pro Per

5          FOR THE UNITED STATES DISTRICT COURT FOR THE
6                      DISTRICT OF TEXAS

7

8  Bruce W. Gunkle and Sherilyn S. )
   Gunkle,                         )
                                   )
9          Petitioner,             )    Case No.:
                                   )
10  vs.                            )  SA10CA0537 XR
                                   )
11                                 )
    UNTIED STATES OF AMERICA,      )    PETITION TO QUASH SUMMONS
12                                 )
                                   )
           Respondent.             )
13                                 )
                                   )
14                                 )

15

16        COME NOW, the Petitioners,  Bruce W. Gunkle and Sherilyn S.

17  Gunkle, files this Petition to Quash certain Internal Revenue

18  Service summon issued by the Department of Treasury of the

19  United States through the Internal Revenue Service, and, in

20  support of this Petition, would show the Court the following:

21                          JURISDICTION

22        1.   Petition is filed pursuant to Title 2 U.S.C. Section

23  7609(b)(2).

24        2.   This Court has jurisdiction over this proceeding

25  pursuant to Title 26 U.S.C. Section 7609(h).

1

3.   All of the Third Party Record Keepers are located within this district.

## FACTUAL BACKGROUND

4.   The Third Party Record Keeper is Wells Fargo Bank, NA, 2700 S. Price Road, Chandler, AZ   85248.   The summons is directed to Bruce W. Gunkle and Sherilyn S. Gunkle and the records sought by the summons are allegedly related to them and also an independent church records of The City of Refuge Christian Fellowship, an unincorporated ecclesiastical association. (Exh. A)

5.   Pastor Bruce W. Gunkle and Sherilyn S. Gunkle were notified by letter that their 2007 individual tax return was being examined by the Internal Revenue Service with Revenue Agent Ms. Patience. (Exh. B)

6.   Petitioners, along with their attorney met with the Internal Revenue Agent Ms. Patience in March 2010 concerning their 2007 return and provided all the information including the personal bank records for 2007 they requested and satisfied the inquiries of the examination.

7.   Back in April 29, 2009, the Gunkles received a letter from the Internal Revenue Service stating that there was an error on their 2008 Federal Income Tax Return and included the amount that they owed. Mr. Gunkle complied with the notice and sent a check to the Internal Revenue Service in the amount that they showed owed for 2008 to satisfy the error. (Exh. C)

2

8.   On April 28 2010, Ms. Patience summoned petitioners bank records from Wells Fargo Bank for period January, 2008 thru December 2008 and received from third party Wells Fargo Bank all their personal Savings Account Records and Checking Account Records for that period even though that period was satisfied by the check sent to the Internal Revenue Service.

9.   And now again, in the subject summons, in June 7, 2010, Ms. Patience has summoned third party Wells Fargo Bank for the petitioner's bank records for the same period of 2008 that is already in her possession.

10.   In the subject summons requested to be quashed she stated "Included but not limited to any and all the bank church records….. of The City of Refuge Christian Fellowship church", an unincorporated ecclesiastical association that is not related to the petitioners.

11.   Ms. Patience did not disclose the reason or the extent necessary for the request of the bank records of the church. The church is not being audited and Ms. Patience is going beyond her authority provided in 26 U.S.C.§7611.   In the audit process she acknowledged that The City of Refuge Christian Fellowship is a church and that it is a separate entity from Pastor Gunkle.

12.   The City of Refuge Christian Fellowship church is an unincorporated ecclesiastical association that conducts religious meetings and instruction, has regular church meetings

1  and members, and is an exempt organization which has been

2  recognized by the Internal Revenue Service.

3      13.  Pastor Gunkle is an agent of the church as its Pastor.

4  His personal tax return does not encompass the church. The

5  church is a separate legal entity from him as an individual.

6      14.  The donation to the church by petitioners that was

7  questioned in the March audit was legally exempt on petitioners

8  2007 return per IRC § 170 of the code and acceptable in the

9  audit by Ms. Patience.

10  LEGAL AND FACTUAL BASIS TO QUASH THIRD PARTY SUMMONS

11  STANDARD OF REVIEW

12      15.  A Federal District Court must review the summons at

13  issue and the facts surrounding its issuance under a four-point

14  test formulated by the United States Supreme Court in United

15  States v. Powell.  The District Court, in order to grant

16  enforcement of an original summons or deny quash of a third

17  party summons under 26 U.S.C. Section 7609(h) must find from all

18  facts that:
        1.)  The summons was issued in good faith.
19

20      2.)  All steps required by the Internal Revenue Code and

21  all other pertinent law have been completed and/or complied with

22  by the Internal Revenue Service.

23      3.)  The summoned information is evidence which is relevant

24  in a investigation carried out for a proper purposes such as to

25

4

determine the taxpayer's correct tax liability and/or to collect tax obligations owed to the United States government.

4.) The information sought is not already in the possession of the Internal Revenue Service.

16. Failure to follow or complete all steps required by the Internal Revenue Code the summons are invalid and void. (United States v. Powell, 379 U.S.48, 57-58, 85 S. Ct. 248, 13 L. Ed. 2d 122 (1964) Crystal v, United States, 172 F.3d 1141, 1143 (9th Cir. 1999)

17. The Internal Revenue must comply with the terms of Privacy Act (5 U.S.C. Section 552a(e)(3)(A)-(D), prior to unilaterally terminating its efforts to audit petitioner under routine procedures.

18. Respondent has resorted to the summons without proper compliance with Internal Revenue Code, 26USC Section 7521(b), as well as the Privacy Act.

19. That Respondent has denied Petitioner due process of law by Respondent's failure to supply the information required under 5 USC Section 522a(e)(3)(A) - (D).

20. Respondent is seeking records of an exempt organization under cover of an examination of individuals' tax returns.

21. Respondent has not followed the procedures required by IRC Section 7611 to examine the ministry's records.

22.   Unless  exempted  by  other  law,  all  administrative agencies  of  the  United  States  government  including  the  Internal Revenue  must  comply  with  the  terms  of  Federal  Privacy  Act  (5  USC Section  552)  which  requires  government  agencies,  generally  to make  disclosures  concerning:  (1)  agency's  power  to  demand information  and  force  its  productions;  (2)  a  citizen's obligation  to  provide  such  information  to  the  federal  agency  and the  consequences  for  not  doing  so;  and  (3)  the  use  which  it  will be  made  of  the  information  provided  to  the  federal  agency.   It is  anticipated  that  the  Internal  Revenue  Service  will  attempt  to argue  in  this  proceeding  that  it  is  exempted  from  the  terms  of the  Federal  Privacy  Act.   Petitioners  aver  that  any  exemptions from  the  Privacy  Act  which  the  Internal  Revenue  Services  may claim  do  not  excuse  the  services  from  providing  the  information disclosures  set  out  above.

23.   However,  even  if  the  Federal  Privacy  Act  is  a  general statue  requiring  disclosure  and  the  terms  of  the  Internal Revenue  Code  are  interpreted  to  be  a  special  statute  which overrides  a  general  statue  in  the  event  of  conflict,  Title  26 U.S.C.  Section  7521(b)  requires  that  the  Internal  Revenue Service  provide  all  the  same  disclosures  to  taxpayers  when  the Service  demands  an  audit  of  the  taxpayer's  books  and  records.

25.   Revenue  Agent  Ms.  Patience  did  not  comply  with  the Privacy  Act  and/or  26  U.S.C.  Section  7521(b)  because  he  did  not

6

disclose the statutory basis empowering the Service to force the petitioners to provide information at the audit he requested.

26.   Compliance with Section 7521(b) is a "step required by the Code" under the Powell Test set out above.   The Internal Revenue Service is not allowed to resort to the service of a summons whether original or third party   --- in an effort to obtain records concerning the taxpayer without complying with and observing all steps necessary to obtain an audit of the taxpayer where it might obtain the same information.   Third party records which are issued without the Service's compliance with the necessary steps to obtain an audit from the taxpayer are invalid and void.

27.   In the present case, Internal Revenue Agent Ms. Patience and the Internal Revenue Service have failed to follow all steps required by the Code prior to the issuance of the third party summons, therefore the third party summon in question should be quashed.

BAD FAITH

28.   The third party summons should also be quashed because they were issued in "bad faith."   If Internal Revenue Agent Ms. Patience failure to comply with the Privacy Act was intentional, the "institutional posture" of the Internal Revenue Service constitutes bad faith under the Powell test.

29.   Then at the audit Internal Revenue Agent Ms. Patience did not conduct a proper personal audit of the petitioners. She went beyond her authority by conducting an examination of the church violating the provision of the statute enacted in 1984 setting forth the procedures the government must follow and the standards it must meet when conducting tax inquiries and examinations of churches. 26 U.S.C. § 7611.

30.   The issuing of the Third Party Summons to Wells Fargo Bank for the church deposit slips, signature cards and other documents contained in the bank records identify the members of and contributors to The City of Refuge Christian Fellowship Church, and if the Internal Revenue Service were allowed access to this information, some of those who would otherwise join or contribute to the ministry would be discouraged from doing so out of fear of retaliation by the Internal Revenue Service. This discouragement would constitute an infringement of the churches First Amendment Right of freedom of association and is, therefore, impermissible. (NAACP v, Alabama, 357 U.S. 449, 78 S. Ct. 1163, 2L. Ed 2d 1488(1958)(United States V. Citizens State Bank, 612 F.2d 1091 )8th Cir. 1980.

31.   The Church Audit Procedures Act, section 1034, provides that before the IRS may begin an inquiry into the tax status of any organization claiming to be a church, the service must satisfy certain prerequisites.   Among other things, it must

articulate a reasonable belief in the need for an investigation and provide special notice to the church. (26 U.S.C. §7611(a)(1) (United States v. Church of Scientology Western U.S., 973 F.2d 715 (9th Cir. 1992).

## CONLUSION

WHEREFORE, petitioners pray that this Honorable Court entertain this petition and, after due consideration of same, that this Court enters an Order:

(1) quashing the third party summons described in this petition;

(2) awarding petitioners their costs; and

(3) awarding petitioners such other and further relief, both in law and in equity, to which they may show themselves to be justly entitled.

SUBMITTED THIS 28th day of June, 2010.

_____
Bruce W. Gunkle

_____
Sherilyn S. Gunkle

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was sent U.S. postage paid Certified Mail, Return Receipt Request, on this 28th day of June, 2010 to:

Wells Fargo Bank, NA
2700 S. Price Road
Chandler, AZ 85248

Internal Revenue Service
8700 Tesoro Drive
San Antonio, Texas 78217

Attorney General Eric Holder USA
950 Pennsylvania Ave. N. W.
Washington, DC 20530-001

U. S. Attorney, Texas
Western District
John E. Murphy
601 NW Loop 410, Suite 600
San Antonio, TX 78216

_____
Bruce W. Gunkle